UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN P. BONHAM,<br><br>Petitioner,<br><br>v.<br><br>HDSP WARDEN, et al.,<br><br>Respondents. | Case No. 2:22-cv-01230-APG-DJA<br><br>**ORDER** |

Petitioner Bryan Bonham filed what he has styled as a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court judgment of conviction in case number C-15-307298-1. ECF No. 1-1.  I grant Bonham's application to proceed *in forma pauperis*. ECF No. 1.  Additionally, I have conducted a preliminary review of the petition, and I dismiss it for various defects.

First, for the most part, the petition is not on this Court's form, nor does it substantially follow the form, as required by the Local Rules. *See* LSR 3-1.  Furthermore, it is entirely unclear what relief Bonham seeks.  In his 46-page handwritten petition, Bonham sets forth various sections of the Nevada Constitution and purports to set out the law governing several areas such as subject matter jurisdiction and criminal complaints.  The main thrust of Bonham's argument appears to be that the Nevada Revised Statutes lack an enacting clause and, therefore, are invalid.

Bonham also states that the NRS is under an illegal copyright.  He argues that the "NRS statutes charged against petitioner are of an unknown and uncertain authority." ECF No. 1-1 at 20.  But 28 U.S.C. § 2254(a) provides that I may entertain a habeas petition on behalf of a person who is in custody pursuant to a state judgment of conviction in violation of his federal

constitutional rights. While Bonham includes sections that supposedly set forth state trial and appellate court error, I cannot discern what error(s) he seeks to raise. I thus find that Bonham's arguments are frivolous and do not state claims for which federal habeas corpus relief may be granted. *See* 28 U.S.C. § 2254(a). Accordingly, Bonham's petition is dismissed for failure to state claims cognizable in habeas corpus.[1]

I THEREFORE ORDER that Petitioner Bryan Bonham's application to proceed *in forma pauperis* **(ECF No. 1) is granted**.

The Clerk of Court is directed to detach and file Bonham's petition (ECF No. 1-1).

I FURTHER ORDER that Bonham's petition **(ECF No. 1-1) is dismissed without prejudice** for failure to state claims for which relief may be granted.

I FURTHER ORDER that a certificate of appealability is denied, as jurists of reason would not find my dismissal of this action for failure to state a cognizable claim to be debatable or incorrect.

The Clerk of Court is directed to make informal electronic service upon the respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and directing a notice of electronic filing of the petition (ECF No. 1-1), this order, and all prior docket entries to his office under Rule 4 of the Rules Governing Section 2254 Cases. No response is required from the respondents other than to respond to any orders of a reviewing court.

//

---

[1] On July 19, 2022, Bonham filed another *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, which was assigned case number 2:22-cv-01149-MMD-BNW. Although Bonham challenged a different judgment of conviction in that case—08C244974—the basis and arguments raised in that petition are identical to the petition in this case. Bonham's petition in case number 2:22-cv-01149-MMD-BNW was dismissed for the same reasons as I dismiss his petition in the instant case.

The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated: August 10, 2022

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE